UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00182-MR

| ROCKY J. BRYANT, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) | **MEMORANDUM OF** |
| vs. | ) | **DECISION AND ORDER** |
|  | ) |  |
| PETER BUCHHOLTZ, | ) |  |
| Commissioner of Prisons, et al. | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**THIS MATTER** is before the Court upon the Petition for Writ of Habeas Corpus filed on March 23, 2023 pursuant to 28 U.S.C. § 2254 by Rocky J. Bryant ("the Petitioner"). [Doc. 1]. Also before the Court is the Petitioner's Motion for Extension of Time to Pay Filing Fee. [Doc. 8].

**I. BACKGROUND**

The Petitioner is a prisoner of the State of North Carolina, presently serving a life sentence for convictions he received on February 15, 1990 in Sampson County, North Carolina.[1] The Petitioner appears to seek review of a disciplinary proceeding that occurred while incarcerated at Alexander

---

[1] Information concerning the Petitioner's incarceration and conviction history is taken from the North Carolina Department of Adult Correction website: https://www.dac.nc.gov/dac-services/criminal-offender-searches

Correctional Institution in Taylorsville, North Carolina, which resulted in the Petitioner being placed into segregated confinement. [Doc. 1].

## II. DISCUSSION

### A. Motion for Extension of Time to Pay Filing Fee

The Petitioner moves this Court for an extension time in which to submit payment of the filing fee. [Doc. 8]. However, review of the Clerk of Court docket reflects that the Petitioner submitted the required $5.00 filing fee on May 2, 2023. As such, the Petitioner's request for an extension of time shall be denied as moot.

### B. Initial Review of § 2254 Petition

28 U.S.C. § 2254 applies to "a person in custody under a state-court judgment who seeks a determination that the custody violates the Constitution, laws, or treaties of the United States." Rule 1(a)(1), 28 U.S.C. foll. § 2254. A federal habeas petitioner who is "in custody pursuant to the judgment of a State court" may seek relief pursuant to 28 U.S.C. § 2254(a). Such claims are limited to allegations that challenge either the fact or duration of the state prisoner's confinement. Sapp v. North Carolina Dept. of Corrections, 2011 WL 5439112, *1 (W.D.N.C. Nov. 9, 2011). A petitioner may only proceed on a claim related to a prison disciplinary proceeding to the extent that the disciplinary conviction increased the duration of the

petitioner's custody. Wilkinson v. Dotson, 544 U.S. 74, 79 (2005).

In reviewing a § 2254 petition, the Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs the district court to dismiss a petition when it plainly appears from the petition and any exhibits that the petitioner is entitled to no relief. Rule 4, 28 U.S.C.A. foll. § 2254. Rule 2(c) of the Rules Governing Section 2254 Cases requires a Petitioner to specify all the grounds for relief available to him and to state the facts that support each ground for relief. See Rule 2(c), 28 U.S.C.A. foll. § 2254.

As best as can be discerned from review of the § 2254 petition, the Petitioner appears to allege that he was wrongfully placed into segregated housing following a February 28, 2023 disciplinary infraction for making or attempting to make a false statement about staff. [Doc. 1 at 1]. The Petitioner states that he was convicted of the disciplinary infraction without sufficient evidence presented against him and seeks immediate release from segregation. [Id. at 2-3]. However, the Petitioner fails to state a valid claim of habeas relief. Although the Petitioner seeks to challenge a disciplinary infraction, it is well established that being placed in segregated confinement does not implicate a liberty interest and is not actionable in a federal habeas proceeding. See Sandin v. Connor, 515 U.S. 472, 486-487 (1995); Beverati v. Smith, 120 F.3d 500, 503-505 (4th Cir. 1997); Rios v. Bennett, 2008 WL

3

2115163, *1 (W.D.N.C. May 19, 2008). Such disciplinary measure does not affect the duration of the Petitioner's confinement. As such, the Petitioner cannot challenge his disciplinary infraction in this § 2254 proceeding.

The § 2254 petition is also vague and conclusory and the Petitioner fails to sufficiently describe his claim. While the Petitioner appears to attempt to raise a due process violation, he fails to plead any sufficient facts to show that his habeas claim is based on the misapplication of federal law, as required by 28 U.S.C. § 2254. Although the Petitioner brought this §2254 action as a *pro se* litigant, he is still required to specify all grounds for relief and state the supporting facts. See Rule 2(c), 28 U.S.C.A. foll. § 2254. Because the petition fails to specify any valid grounds for habeas relief and supporting facts, it is deficient and subject to dismissal.

The § 2254 petition is also procedurally barred due to the Petitioner's failure to exhaust his available state remedies. Under the Antiterrorism and Effective Death Penalty Act, a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal court. 28 U.S.C. § 2254(b)(1)(A). In North Carolina, a petitioner may satisfy § 2254's exhaustion requirement by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review or by filing a state post-conviction proceeding

4

and petitioning the North Carolina Court of Appeals for a writ of certiorari. See N.C. Gen.Stat. § 7A–31; N.C. Gen.Stat. § 15A–1422. This Court may only consider those issues that were fairly presented to the state courts. Williams v. Terry, 2011 WL 4747925, *2 (W.D.N.C. October 7, 2011)(unpublished).

The Petitioner challenges a February 28, 2023 disciplinary infraction and filed his § 2254 habeas petition on March 23, 2023. [Doc. 1 at 1]. He makes no mention of having sought review in state court and provides no information to show that he satisfied the exhaustion requirements. As such, the § 2254 petition is also subject to dismissal for failure to exhaust.

## III. CONCLUSION

For the reasons set forth above, the Petitioner is not entitled to relief and the § 2254 petition shall be dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003)(noting that, in order to satisfy § 2253(c), a prisoner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000)(holding that, when relief is denied on procedural grounds, a prisoner must establish

both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED**.

2. The Petitioner's Motion for Extension of Time to Pay Filing Fee is **DENIED AS MOOT**.

3. The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED.**

Signed: January 11, 2024

Martin Reidinger
Chief United States District Judge