UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-cv-00182-MR

| | |
|---|---|
| ROCKY J. BRYANT, ) ) Petitioner, ) ) ) ) vs. ) ) PETER BUCHHOLTZ, ) Commissioner of Prisons, et al., ) ) Respondents. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** comes before the Court on the Petitioner's "Motion for Reconsideration Pursuant to FRCP 59(e)" [Doc. 17] and "Motion for an Alter, Amendment or Reconsideration Pursuant to FRCP 59(e)" [Doc. 18].

## I. BACKGROUND

The Petitioner is a prisoner of the State of North Carolina, presently serving a life sentence for convictions he received on February 15, 1990, in Sampson County, North Carolina.[1] In his original petition, filed on March 23, 2023, the Petitioner sought review of a disciplinary proceeding that occurred while incarcerated at Alexander Correctional Institution in Taylorsville, North

---

[1] Information concerning the Petitioner's incarceration and conviction history is taken from the North Carolina Department of Adult Correction website: https://www.dac.nc.gov/dac-services/criminal-offender-searches.

Carolina, which resulted in the Petitioner being placed into segregated confinement. [Doc. 1]. On January 11, 2024, this Court dismissed the petition on the grounds that the Petitioner failed to state a claim for habeas relief and failed to exhaust state remedies. [Doc. 15].

On January 23, 2024, the Petitioner filed the present motion for reconsideration on several grounds, primarily arguing that the Court misapplied the law. [Doc. 17 at 1-2]. On January 25, 2024, the Petitioner filed the second present motion for reconsideration, making additional arguments, including that he is entitled to the restoration of "good time credits." [Doc. 18 at 1-2].

## II. STANDARD OF REVIEW

A motion for reconsideration may be filed pursuant to Federal Rule of Civil Procedure 59 or 60.

A court has the discretion to alter or amend a judgment pursuant to a motion brought under Rule 59(e) no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Such motions shall be granted only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. International Chemical

Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). "[R]ule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id.

Federal Rule of Civil Procedure 60(b) allows a court to enter an order providing relief from a final judgment or order under certain circumstances, including mistake, newly discovered evidence, fraud or misconduct by an opposing party, a void judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). The movant has the burden to establish the grounds set forth in the motion and such grounds "must be clearly substantiated by adequate proof." In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992) (quoting Thomas v. Colorado Trust Deed Funds, Inc., 366 F.2d 136, 139 (10th Cir. 1966)). Relief under Rule 60(b) is an "extraordinary remedy" to be applied only in "exceptional circumstances." Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979).

## III. DISCUSSION

The Court has already set forth its reasoning for the dismissal of the Petition for Writ of Habeas Corpus: namely, failure to state a claim for habeas relief and failure to exhaust state remedies. [Doc. 15]. The Petitioner sets forth no new evidence or arguments to convince the Court that it should reconsider its prior Order; he instead makes vague and conclusory legal

3

arguments as to the invalidity of his disciplinary adjudication and this Court's prior order. Furthermore, the Petitioner provides no evidence for this Court to find that his petition does not remain procedurally barred for failure to exhaust.

The Petitioner does not provide the Court with any sufficient grounds to demonstrate that reconsideration of the dismissal Order is warranted. The Petitioner fails to show any clear error of law that requires this Court's correction, nor does he show the presence of any limited circumstances under which a motion for reconsideration may be granted under Rule 59 or Rule 60. As such, the Petitioner is not entitled to relief.

## ORDER

**IT IS THEREFORE ORDERED** that the Petitioner's "Motion for Reconsideration Pursuant to FRCP 59(e)" [Doc. 17] and "Motion for an Alter, Amendment or Reconsideration Pursuant to FRCP 59(e)" [Doc. 18] are **DENIED.**

**IT IS SO ORDERED.**

Signed: May 25, 2024

Martin Reidinger
Chief United States District Judge